UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROBERT PAUL CASH

v.  Case No.: 8:13-cv-135-T-24-AEP
    8:11-cr-547-T-24-AEP

UNITED STATES OF AMERICA
_____/

### ORDER

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 51). Because a review of the motion and the file in the case conclusively shows that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.  Background**

On November 8, 2011, Petitioner pled guilty to Count One of the Information—dealing in firearms without a license. (CR Doc. No. 24, 30). On January 17, 2012, Petitioner was sentenced to 24 months of imprisonment. (CR Doc. No. 38). On April 23, 2012, the Court granted the Government's motion for a downward departure and entered an amended judgment reducing Petitioner's sentence to 15 months of imprisonment. (CR Doc. No. 47, 48). Thereafter, on December 26, 2012, Petitioner timely filed the instant § 2255 motion.

**II.  Motion to Vacate Sentence**

Petitioner sets forth one ground for relief in his § 2255 motion. Specifically, he argues that he was denied effective assistance of trial counsel, because his trial counsel failed to contest certain statements in the Pre-Sentence Report ("PSR") for accuracy or request the same be clarified. Additionally, Petitioner contends that his trial counsel failed to correct several errors in the plea agreement. There was no further specificity describing counsel's alleged ineffectiveness within Petitioner's § 2255 motion.

Thereafter, Petitioner filed a motion to amend and supplement his § 2255 motion. (CV Doc. No. 3). In this motion, Petitioner explained that his counsel had been ineffective, because he had only sold five handguns. However, Petitioner argues that the PSR indicated that he had sold 150 handguns, which was erroneous. Petitioner stated in this motion that he had requested that his trial counsel correct this error, as well as several other errors, but his counsel did not do so. The Court granted Petitioner's motion to amend and supplement his § 2255 motion, and the Court directed Petitioner to file an amended § 2255 motion that contained all of his grounds for relief by February 15, 2013. (CV Doc. No. 4). Petitioner never filed an amended § 2255 motion, so the Court will proceed to address his claim of ineffective assistance of counsel set forth in the original § 2255 motion.

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." <u>Id.</u> Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. <u>See id.</u>

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 688. Under the first prong of the test, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. <u>See id.</u> at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u> at 689.

Simply showing that counsel erred is not sufficient under this test. See id. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. See id. at 692. Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. See id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

In the instant case, Petitioner argues that his counsel was ineffective, and the only specificity regarding this contention is Petitioner's allegation that he had only sold five handguns, but the PSR erroneously indicated that he had sold 150 handguns, which his trial counsel failed to correct. As explained below, this argument has no merit.

Petitioner did not contest the factual basis contained in his plea agreement, which included the facts that: (1) on March 8, 2011, Petitioner sold five firearms to an undercover agent, and no ATF Form 4473 was filled out; and (2) on April 4, 2011, Petitioner sold six firearms to the undercover agent, and no ATF Form 4473 was filled out. (CR Doc. No. 24, p. 15-16). Thereafter, the PSR was prepared, which included these same facts regarding Petitioner's sales of eleven handguns to the undercover agent, as well as the fact that Petitioner admitted post-Miranda to selling 150 firearms to another individual. The PSR contained an offense level calculation, which included an additional 8 levels due to the fact that Petitioner sold or had in his possession over 150 firearms for which ATF Form 4473 or other required ATF paperwork was not completed. There were no objections to the PSR. Petitioner's counsel did request a downward departure based on Petitioner's medical conditions and also a downward variance due to the 18 U.S.C. § 3553(a)(1)-(7) factors. (CR Doc. No. 52, P. 5-19).

At the sentencing hearing, the Court questioned Petitioner about his post-Miranda admission regarding the 150 firearms:

> THE COURT: . . . Paragraph 12 in my Pre-Sentence Report says "Cash admitted to selling 150 firearms to another individual." Is that --
> DEFENDANT: Paul Hudson.

| | |
|---|---|
| THE COURT: | So you really did sell those firearms? |
| DEFENDANT: | Yes, but now, just for a point of reference, I didn't speak up and say, yes, I sold him 150 guns. They questioned me and I wish they had tape recorded it so they could play it back for you. They asked me how many transactions I had with him and sitting there on the side of the road in handcuffs in 101 degree temperature in the middle of June, I'm one week post-op . . . . You know, when they told me they had these firearms that came back to my name, nobody ever even mentioned what I was actually being arrested for. It wasn't until I got down here to Tampa that I heard the particular charge and, you know, accepted that. I knew that I had done that, too, and those were the two individuals. That's it, no more, and no less, either, but it was the two individuals. |
| THE COURT: | My question was, that is correct, that you did sell 150 firearms to Paul Hudson? |
| DEFENDANT: | Yes. I didn't say that I had sold him 150 firearms. I said that, yes, I had had multiple transactions with him. It was suggested to me, was it 100, was it 200, was it over 120, was it over 150? And I just agreed with whatever they said, which is correct. I mean it's correct. When we went back in the proffer, whether or not I can say it or not, but when we went back in the proffer and they pulled all my invoices and receipts and they asked me questions, I did everything I could to help them identify every single firearm that was purchased. |
| THE COURT: | Okay. All right. |

(CR Doc. No. 52, p.32-34). The undercover agent also testified at the sentencing hearing about Petitioner's admission regarding the 150 firearms. (CR. Doc. No. 52, p.36-39).

Thereafter, the Court noted that there were no objections to the guideline calculations or to the facts, and as such, the Court adopted them. The Court specifically stated that "[t]here seems to be no issue regarding the amount of firearms. You've admitted to that and admitted to it in Miranda. So the guidelines are what they are." (CR Doc. No. 52, p.40).

Accordingly, because Petitioner admitted, during the sentencing hearing, to the sale of the 150 firearms that led to the 8 level increase in his offense level, there is no merit to his argument that his counsel was ineffective for failing to challenge these firearms. As such, this Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel, and his § 2255 motion must be denied.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of March, 2013.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record